IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00732–WYD–KMT

A.A., a minor, by and through his Next Friend, JUANITA ARCHULETTA,

    Plaintiff,

v.

ALEX MARTINEZ, in his official capacity,
CORNELIUS FOXWORTH, in his individual capacity,
JAMIE NUSS, in her official capacity,
JOHN GOMEZ, in his official capacity,
TRINA SEEFELDT, in her individual capacity,
LORENZO SANDOVAL, in his individual capacity,
YANCY MOSELEY, in his individual capacity,
JOHN DOE, in his individual capacity, and
DANIEL ROBINSON, in his individual capacity,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Plaintiff's "Motion for Leave to File Second Amended Complaint." (Doc. No. 22, filed May 18, 2012.) Plaintiff seeks leave of court to amend her original Complaint "to correct some of the claims attempted to be set out against Defendant Seefeldt." Assuming that his Motion is granted, Plaintiff also seeks an extension of time for Defendants Nuss and Gomez to answer or otherwise respond to the Second Amended Complaint.

    Pursuant to Fed.R.Civ.P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D.

648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiff's Motion is unopposed.  Moreover, this case is in its relative infancy.  A Scheduling Conference has not yet been held and, therefore, a deadline for amending the pleadings has not yet been set.  *See* Fed. R. Civ. P. 16(b)(3)(A).  Altogether, the court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.  Therefore, it is

ORDERED that Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. No. 22) is GRANTED.  Plaintiff's "Second Amended Complaint and Jury Demand (Doc. No. 21) is accepted as filed as of the date of this Order.

It is further

ORDERED that Defendants Nuss and Gomez shall answer or otherwise respond to Plaintiff's Second Amended Complaint no later than June 14, 2012.

Dated this 21st day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge