IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00732–WYD–KMT

A.A., a minor, by and through his Next Friend, JUANITA ARCHULETTA,

    Plaintiff,

v.

ALEX MARTINEZ, in his official capacity,
CORNELIUS FOXWORTH, in his individual capacity,
LORENZO SANDOVAL, in his individual capacity,
YANCY MOSELEY, in his individual capacity, and
JOHN DOE, in his individual capacity,

    Defendants.

---

# ORDER

---

This matter is before the court on "Defendant Cornelius Foxworth's Motion to Stay Proceedings" (Doc. No. 31, filed June 5, 2012 [Foxworth Mot. Stay]) and Defendant Moseley's "Motion to Stay Discovery" (Doc. No. 40, filed June 20, 2012 [Moseley Mot. Stay]). "Plaintiff's Response to Defendant Foxworth's Motion to Stay" was filed on June 15, 2012 (Doc. No. 38 [Resp. Foxworth Mot. Stay]) and Defendant Foxworth's "Reply in Support of Motion to Stay Proceedings" (Doc. No. 39 [Reply Foxworth Mot. Stay]) was filed on June 19, 2012. Although the court set a deadline of June 29, 2012 for Plaintiff to respond to Defendant Moseley's Motion to Stay (*see* Minute Order, Doc. No. 43, filed June 20, 2012), Plaintiff did not file a response to

Defendant Moseley's Motion to Stay on, or at any time after, that date, which negated any opportunity for Defendant Moseley to file a reply.

In this suit, Plaintiff asserts several claims pursuant to 42 U.S.C. § 1983 and several state law tort claims. (*See* Second Am. Compl., Doc. No. 21, filed May 18, 2012.) In his Motion to Dismiss, filed on May 31, 2012, Defendant Foxworth maintains, *inter alia,* that he is entitled to qualified immunity from Plaintiff's § 1983 claims and sovereign immunity from Plaintiff's state law tort claims under the Colorado Government Immunity Act ("CGIA"). (*See* Doc. No. 28 [Foxworth Mot. Dismiss].) Accordingly, in his Motion to Stay, Defendant Foxworth seeks a stay of these proceedings pending a ruling on his Motion to Dismiss. (*See* Foxworth Mot. Stay.)

Similarly, Defendant Moseley filed a Motion to Dismiss on June 4, 2012. (Doc. No. 30 [Moseley Mot. Dismiss].) Therein, Defendant Moseley argues that he is immune from Plaintiff's state law tort claims pursuant to the CGIA.[1] Consequently, Defendant Moseley also seeks a stay of discovery pending ruling on his Motion to Dismiss. (*See* Moseley Mot. Stay.)

## LEGAL STANDARD

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982))

---

[1] Defendant Moseley has not claimed immunity from Plaintiff's § 1983 claims.

(noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

556 U.S. at 685.

Similarly, the CGIA provides, in pertinent part: "If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion." Colo. Rev. Stat. § 24–10–108. Interpreting this statute, the Colorado Supreme Court has emphasized the importance of resolving the immunity question prior to trial (i.e., in a motion to dismiss pursuant to Rule 12(b)) and promotes a procedure "that courts must use to resolve issues of immunity[, which] includes discovery, ruling without hearings, and affording parties the opportunity to request Trinity hearings." *Finnie v. Jefferson Cnty. Sch. Dist. R–1*, 79 P.3d 1253, 1260 (Colo. 2003). At least one decision from this district has concluded that although this court is not bound by § 24-10-108's stay provision, it should nevertheless defer to it. *Cossio v. City and Cnty. of Denver,* 986 F. Supp. 1340, 1342 (D. Colo. 1997). *But see Rooker v. Ouray Cnty.,* --- F. Supp. 2d ----, 2012 WL 113419, at *2 (D. Colo. Jan.

13, 2012) (noting in dicta that "discovery must be stayed" while a motion asserting immunity under the CGIA is pending)..

## DISCUSSION

### A.   *Stay of Discovery as to Defendant Foxworth*

The court first considers whether a stay is appropriate as to Plaintiff's claims against Defendant Foxworth alone.  In response to Defendant Foxworth's Motion, Plaintiff argues that a stay would be inappropriate because at least some limited discovery is necessary to respond to the immunity arguments raised in Defendant Foxworth's Motion to Dismiss.  (Resp. Foxworth Mot. Stay at 2, 4.)  First, as to Defendant Foxworth's assertion of qualified immunity, Plaintiff maintains that some discovery is necessary to resolve whether Defendant Foxworth violated Plaintiff's constitutional rights.  (*Id.* at 2.)

It is true that, "even where a qualified immunity defense is asserted, some limited discovery may still be permitted."  *Rome v. Romero,* 225 F.R.D. 640, 643 (D. Colo. 2004). However, such discovery should only be permitted where qualified immunity is asserted "in a motion for summary judgment on contested factual assertions." *Id.* (citing *Crawford-El v. Britton,* 523 U.S. 574, 593 n.14 (1998)).  Here, Defendant Foxworth has not asserted the qualified immunity defense based on contested factual assertions.  Rather, he asserts, pursuant to Fed. R. Civ. P. 12(b)(6), that he is entitled to qualified immunity based solely on the allegations of the complaint.  Under these circumstances, no discovery is required; instead, Plaintiff need only address whether the allegations of his complaint are sufficient to overcome Defendant Foxworth's assertion of qualified immunity.  *See Butler v. Rio Rancho Pub. Sch. Bd. of Educ.,*

4

341 F.3d 1197, 1200 (10th Cir. 2003) (where a defendant raises the defense of qualified immunity in a motion to dismiss, the court must determine whether the plaintiff asserts a violation of federal law *in his complaint*).

Second, Plaintiff maintains that limited discovery is necessary to resolve Defendant Foxworth's argument that Plaintiff's state law claims against him are barred under the CGIA. (Resp. Foxworth Mot. Stay at 4.) Specifically, Plaintiff maintains that he requires discovery to respond to Defendant Foxworth's "fact-based arguments" that the CGIA does not waive sovereign immunity with respect to Plaintiff's claims against him because Gilliam Youth Services Center ("Gilliam"), the juvenile detention facility at issue in this case, is not a "correctional facility" or "jail."  (Resp. at 4); *see also* Colo. Rev. Stat. § 24-10-106(1)(b) (providing that sovereign immunity has been waived for "the operation of any . . . correctional facility, as defined in section 17-1-102, C.R.S., or jail by such public entity.").

As outlined above, the CGIA does provide that the court may allow "any discovery necessary to decide the issue of sovereign immunity."  Colo. Rev. Stat. § 24-10-108.  However, the court concludes that discovery is unnecessary here.  Defendant Foxworth has not introduced any extrinsic evidence in support of his argument that Gilliam is not a "correctional facility" or "jail" within the meaning of the CGIA.  Rather, Defendant Foxworth argues that, as a matter of statutory interpretation, juvenile detention facilities do not fall within the CGIA's waiver of sovereign immunity for public entities operating correctional facilities and jails. (*See* Foxworth Mot. Dismiss at 13-14.)  Thus, contrary to Plaintiff's contention that Defendant Foxworth's

argument is "fact-based," the court finds that Defendant Foxworth's arguments present a question of law. As such, there is no need to permit limited fact discovery to resolve this issue.

Altogether, the court finds that Defendant Foxworth is entitled to a stay of discovery against him, pursuant to his assertion of qualified immunity from Plaintiff's § 1983 claims and sovereign immunity under the CGIA from Plaintiff's state law tort claims. The court considers Defendant Foxworth's argument that all discovery in this case should be stayed *infra.*

### B.     *Stay of Discovery as to Defendant Moseley*

Plaintiff has not responded to Defendant Moseley's Motion to Stay. However, because staying discovery would impact the court's management of this case and its docket, the court considers the propriety of Defendant Moseley's proposed stay *sua sponte.*

The court declines to stay discovery on all of Plaintiff's claims against Defendant Moseley based solely on his assertion of sovereign immunity as to Plaintiff's state law claims. Notably, Defendant Moseley has not sought dismissal of Plaintiff's federal law claims arising under § 1983. Furthermore, the factual basis underlying Plaintiff's state law tort claims is identical to that underlying Plaintiff's § 1983 claims. More specifically, all of Plaintiff's claims against Defendant Moseley, whether they arise under federal or state law, are premised on Defendant Moseley's alleged assault of Plaintiff on May 31, 2010. (*See* Second Am. Compl. ¶¶ 51, 139, 148.)

Although the court acknowledges that courts should generally defer to the stay provision of Colo. Rev. Stat. § 24-10-108, *Cossio,* 986 F. Supp. at 1342, the court finds no reason to stay discovery as to Plaintiff's claims against Defendant Moseley. Discovery into the factual

allegations asserted against Defendant Moseley will ultimately take place—it is simply a question of when. *Cf. Waisanen v. Terracon Consultants,* 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009) (denying a stay based on a motion to compel arbitration because, regardless of the outcome of that motion, a merits analysis would need to be undertaken in one forum or another). Staying discovery on Plaintiff's allegations against Defendant Moseley until ruling on Defendant Moseley's partial Motion to Dismiss would simply delay a resolution of Plaintiff's claims, without any corresponding benefit. Accordingly, the court finds that discovery should not be stayed as to Defendant Moseley.

**C.**     *Staying this Case in its Entirety*

In his Motion, Defendant Foxworth also argues that this case should be stayed in its entirety until his Motion to Dismiss is ruled on. (*See* Foxworth Mot. Stay at 7.) Plaintiff opposes such a categorical stay. (Resp. Foxworth Mot. Stay at 6-8.)

Neither Defendant Martinez nor Defendant Sandoval have moved to dismiss any of Plaintiff's claims on immunity grounds. Furthermore, as outlined above, the court declines to stay discovery as to Defendant Moseley based on his assertion of immunity from Plaintiff's state law claims. As such the court must determine whether to impose a temporary stay of discovery as to these defendants.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). However, Federal Rule of Civil Procedure 26 does provide that

7

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  Thus, even absent the assertion of an immunity defense, an order staying discovery is an appropriate exercise of this court's discretion.  *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed.2010).  However, a stay of all discovery is generally disfavored, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), although it may nevertheless be appropriate if "resolution of preliminary motion may dispose of the entire action," *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see also Vivid Techs., Inc. v. Am. Sci. & Engr, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of

a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident,* 2006 WL 894955, at *2.

At the outset, the court notes that resolving Defendant Foxworth's Motion in his favor will not dispose of this action in its entirety, and therefore, a stay of all discovery is disfavored. *Nankivil,* 216 F.R.D. at 692. Furthermore, the court acknowledges that Plaintiff has a significant interest in proceeding expeditiously on his claims.

Defendant Foxworth maintains conducting discovery not subject to current immunity defenses be burdensome, impractical, and potentially duplicative. (Foxworth Mot. Stay at 7-8.) Furthermore, Defendant Foxworth asserts that the factual and legal nature of Plaintiff's claims against him are inextricably intertwined, such that it would be neither easy nor practical to attempt to segregate discovery as to each particular defendant. (Reply Foxworth Mot. Stay at 8.)

The court acknowledges that staying this case as to only Defendant Foxworth may result in a piecemeal disposition of this action and could require the court to resolve discovery disputes as to whether Plaintiff's future discovery requests violate the stay imposed as to Defendant Foxworth, or are instead appropriately targeted at the unstayed claims and defendants. However, the court finds that these concerns are insufficient to overcome Plaintiff's interest in proceeding on his claims against Defendants Martinez, Sandoval, and Moseley. Indeed, to conclude otherwise would permit Defendants Martinez and Sandoval to ride on the coattails of Defendant Foxworth's assertion of immunity, despite the fact that, by answering Plaintiff's Second

9

Amended Complaint, these Defendants have effectively conceded that Plaintiff's claims against them should now be tested in discovery. Accordingly, the court finds that forestalling all discovery in this case would be unwarranted.

Finally, Defendant Foxworth has not asserted, and the court does not otherwise find, that the interests of nonparties prompt a different outcome. Indeed, as to the latter factor, the public interest is well served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials.

Therefore, for the foregoing reasons, it is

ORDERED that "Defendant Cornelius Foxworth's Motion to Stay Proceedings" (Doc. No. 31) is GRANTED in part and DENIED in part. Discovery in this matter is hereby STAYED as to Plaintiff's claims against Defendant Foxworth only, pending ruling on Defendant Foxworth's Motion to Dismiss (Doc. No. 28). Within five days of the District Court's ruling on Defendant Foxworth's Motion to Dismiss, should any portion of this case remain pending against Defendant Foxworth, the parties shall file a Joint Status Report advising the court as to

whether the stay should be lifted.

It is further

ORDERED that

Defendant Moseley's "Motion to Stay Discovery" (Doc. No. 40) is DENIED.

Dated this 12th day of July, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge